# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

|  |  |
|---|---|
| **FRANK OWUSU OBIMPEH,**<br> Plaintiff, |  |
|  | Case No. 2:22-cv-01846 |
| v. |  |
|  | Judge Edmund A. Sargus, Jr. |
| **ALEJANDRO MAYORKAS,**<br>Secretary, United States Department<br>of Homeland Security, *et al.*<br> Defendants. | Magistrate Judge Kimberly A. Jolson |

## <u>ORDER</u>

This matter is before the Court on Defendants' Motion to Vacate Clerk's Entry of Default, which is hereby **GRANTED**. (ECF No. 9.) Defendants move to vacate the Clerk's Entry of Default, (ECF No. 8), because "it was entered in error notwithstanding Plaintiff's failure to serve the United States and its Agencies, Corporations, Officers, or Employees pursuant to Federal Rules of Civil Procedure 4(i)(1)(A)(i) or (ii)." (ECF No. 9.)

The Court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). This standard is "extremely forgiving to the defaulted party." *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 322 (6th Cir. 2010). The Court must consider three factors to determine whether there is good cause: (1) whether Defendant's "culpable conduct" led to the default, (2) whether Defendant's defense is "meritorious," and (3) whether Plaintiff would be prejudiced. *Id.* at 324, citing *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992). Of those factors, the Court must consider "prejudice to the plaintiff and the presence of a meritorious defense" the most important. *$22,050.00 U.S. Currency*, 595 F.3d at 324–25.

"A defense is meritorious if 'there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default.'" *Id.* at 326, quoting *Burrell v. Henderson,* 434 F.3d 826, 834 (6th Cir. 2006). Here, Plaintiff's failure to serve Defendants pursuant to the Federal Rules of Civil Procedure provides a meritorious defense. Rule 55(c) also "favor[s] a policy of resolving cases on the merits instead of . . . procedural missteps." *$22,050.00 U.S. Currency*, 595 F.3d at 322. Plaintiff is not prejudiced by such a policy.

Accordingly, the Court **GRANTS** Defendants' Motion to Vacate Clerk's Entry of Default. (ECF No. 9). The Clerk is directed to **VACATE** Clerk's Entry of Default. (ECF No. 8). The Court also **GRANTS** Defendants leave to file responsive pleading within **FOURTEEN DAYS** of this order.

**IT IS SO ORDERED.**

**9/15/2023**                                        **s/Edmund A. Sargus, Jr.**
**DATE**                                                **EDMUND A. SARGUS, JR.**
                                                            **UNITED STATES DISTRICT JUDGE**