UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**FRANK OWUSU OBIMPEH,**

    **Plaintiff**

    v.

**ALEJANDRO MAYORKAS,** *et al.***,**

    **Defendants.**

Case No. 2:22-cv-1846
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

This matter is before the Court on Plaintiff Frank Owusu Obimpeh's *pro se* Motion for Entry of Default against Defendants Alejandro Mayorkas, Ur M. Jaddou, and Merrick Garland. (ECF No. 15.)[1] Defendants oppose the Motion based on Plaintiff's failure to comply with Federal Rule of Civil Procedure 4(i)(1)(A) and to properly serve officers or employees of the United States. (ECF No. 18.) Mr. Obimpeh replied in support of his Motion,[2] and the Motion is now ripe for the Court's review. (ECF No. 19.) For the reasons below, Mr. Obimpeh's Motion is **DENIED WITHOUT PREJUDICE**.

    **I.    BACKGROUND**

Mr. Obimpeh filed his Complaint seeking this Court's review of the United States Citizenship and Immigration Services's ("USCIS") decision denying him permanent residence as the spouse of an abusive United States citizen. (ECF No. 3.) After reviewing Mr. Obimpeh's

---

[1] The proper filing event for this document under Rule 55(a) of the Federal Rules of Civil Procedure is an "Application for Entry of Default," however the Court liberally construes *pro se* filings. *Triplett-Fazzone v. City of Columbus*, No. 2:12-CV-00331, 2013 U.S. Dist. LEXIS 110663, at *7 (S.D. Ohio Aug. 5, 2013).
[2] Mr. Obimpeh filed a "Motion to Deny Defendants' Response in Opposition to Motion for Entry of Default" (ECF No. 19). The Court construes that Motion as a Reply in support of his Motion for an Entry of Default. (ECF No. 15.)

1

motion for leave to proceed *in forma pauperis* and conducting an initial screen of Mr. Obimpeh's complaint under 28 U.S.C. § 1915(e)(2), the Magistrate Judge found that Mr. Obimpeh could proceed with this action *in forma pauperis*. (ECF No. 2.) The Magistrate Judge ordered the United States Marshal to make service of process by certified mail upon the Defendants. (*Id.* at PageID 87.) A copy of the summons and complaint was delivered to each Defendant via certified mail. (*See* ECF No. 5.)

Mr. Obimpeh then filed for an entry of default against all three Defendants, which the Clerk entered. (ECF Nos. 6, 8.) Mr. Obimpeh then moved for default judgment. (ECF No. 10.) Defendants, however, moved to vacate the Clerk's entry of default arguing that "it was entered in error" because Mr. Obimpeh's failed to serve the United States pursuant to Federal Rule of Civil Procedure 4(i)(1)(A). (ECF No. 9.)

The Court found that Mr. Obimpeh had failed to properly effectuate service and granted Defendants' motion to vacate the Clerk's entry of default. (ECF No. 13.) The Court also found the motion for default judgment premature and denied it without prejudice. (ECF No. 12.)

Soon after, Mr. Obimpeh again moved for an entry of default. (ECF No. 15.) Defendants responded noting that Mr. Obimpeh had done nothing additional since the Court's previous Order to perfect service under Rule 4(i)(1)(A). (ECF No. 18.) Since Mr. Obimpeh failed to serve Defendants, Defendants argue that an entry of default would be improper because the Court lacks personal jurisdiction. (*Id.*)

**II.     DISCUSSION**

An entry of default is proper only after proper service of process. *Ross v. SSA United States*, No. 2:21-cv-02508-MSN-atc, 2023 U.S. Dist. LEXIS 184049, at *12 (W.D. Tenn. May 19, 2023) (citing *Sandoval v. Bluegrass Reg'l Mental Health-Mental Retardation Bd.*, No. 99-

5018, 2000 U.S. App. LEXIS 17949 (6th Cir. July 11, 2000)). Without proper service of process, the Court is without jurisdiction to enter default against Defendants. *Id.*

Here, Mr. Obimpeh has not complied with Federal Rule of Civil Procedure 4(i)(1), which details the process of serving "the United States and Its Agencies, Corporations, Officers, or Employees." To properly serve the United States and its officers, Mr. Obimpeh must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1). While Mr. Obimpeh complied with Rule 4(i)(1)(B) and (C), he did not satisfy subsection (A). The use of "and" in Rule 4(i)(1) indicates a party must comply with subsections (A), (B), and (C) to perfect service against the United States.

When a plaintiff is authorized to proceed *in forma pauperis*, "the Court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3). But even when proceeding *in forma pauperis*, "the plaintiff bears the burden of exercising reasonable diligence in perfecting service of process," including by providing the Court with all documentation needed to perfect service. *O'Neil v. Lake Cty. Jail*, No. 1:23-cv-00660, 2023 U.S. Dist. LEXIS 208860, at *4 (N.D. Ohio Nov. 21, 2023) (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996)).

This Court's "Guide for the *Pro Se* Litigant" provides guidance for completing service of process forms and counsels that although the U.S. Marshal Service will complete service of process on behalf of a party proceeding *in forma pauperis*, the litigant is "responsible for completing and providing the Clerks' Office with the appropriate service forms." *See* United States District Court for the Southern District of Ohio, A Guide for *Pro Se* Civil Litigants, p. 9 ("*Pro Se* Guide").[3] The *Pro Se* Guide explains that if a litigant is proceeding *in forma pauperis* and seeks service of any process upon an officer or agent of the United States Government, the litigant should submit three (3) additional copies of the writs for service upon the Government of the United States. *Id.* at p. 36. The U.S. Marshal will serve one (1) upon the U.S. Attorney and will forward two (2) to the Attorney General of the United States. *Id.*

The Court ordered the U.S. Marshals Service to make service of process by certified mail upon the Defendants. (ECF No. 2, PageID 87.) The Magistrate Judge provided Mr. Obimpeh with the necessary instructions to allow the U.S. Marshals Service to effect service. But the record only reflects that Mr. Obimpeh served Defendants, including the Attorney General of the United States (*see* ECF No. 5), not that he served the United States attorney for this district or a or clerical employee whom the United States attorney designated may accept service. *See* Fed. R. Civ. P. 4(i)(1)(A)(i) and (ii).

Without proper service of process, the district court is without jurisdiction to make an entry of default against Defendants. *Ross*, 2023 U.S. Dist. LEXIS 184049, at *12 (citing *Sandoval*, 2000 U.S. App. LEXIS 17949). Accordingly, Mr. Obimpeh's Motion for an Entry of Default is **DENIED WITHOUT PREJUDICE**.

---

[3] For ease of access, the Court links the *Pro Se* Guide here: https://perma.cc/L7Q7-8CJE.

### III. CONCLUSION

For the reasons above, Plaintiff's *pro se* Motion for an Entry of Default (ECF No. 15) is **DENIED WITHOUT PREJUDICE**. Plaintiff's Motion to Deny Defendant's Response in Opposition to the Motion for Entry of Default, which the Court construed as Plaintiff's Reply in support of the Motion for an Entry of Default, is **DENIED**. (ECF No. 19.)

Mr. Obimpeh is **DIRECTED** to file on the docket a Form USM-285 instructing the U.S. Marshals Service to serve a copy of the summons and complaint on the United States Attorney for the Southern District of Ohio pursuant to Rule 4(i)(1)(A). *See Pro Se* Guide, p. 33–35. Mr. Obimpeh must file the Form USM-285, as well as a copy of the summons and complaint **within 14 DAYS of this Court's Order**.

Upon notice that Mr. Obimpeh filed the Form USM-285, with a copy of the summons and complaint, the U.S. Marshals Service is **DIRECTED** to deliver a copy of the summons and complaint to the United States Attorney for the Southern District of Ohio. *See* Fed. R. Civ. P. 4(c)(3).

Mr. Obimpeh is warned that his failure to comply with this Court's Order will result in dismissal of this case under Rule 4(m) of the Federal Rules of Civil Procedure.

This case remains open.

**IT IS SO ORDERED.**

**5/14/2024**                                                   **s/Edmund A. Sargus, Jr.**
**DATE**                                                      **EDMUND A. SARGUS, JR.**
                                                                 **UNITED STATES DISTRICT JUDGE**